IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 3 0 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

4:08cv112-TSL-LRA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.___ ) |
| v. | ) C O M P L A I N T ) |
| POPLAR SPRINGS NURSING CENTER, | ) ) JURY TRIAL DEMANDED |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended and under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to Gloria Carey who was adversely affected by such unlawful practices. Specifically Defendant discriminated against Gloria Carey when it failed to interview or otherwise consider her for a position as a Social Worker at its Meridian, Mississippi location because of her race (Black) and age (53).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This action is further authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Plaintiff is further authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant Poplar Springs Nursing Center (the "Employer") has continuously been doing business in the State of Mississippi and the City of Meridian, and has continuously had at least 20 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

7. More than thirty days prior to the institution of this lawsuit, Gloria Carey filed a charge of discrimination with the Commission alleging violations of Title VII and violations of

the ADEA by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. On or about August 2, 2008, the Defendant Employer engaged in unlawful employment practices at its Meridian location, in violation of Title VII of the Civil Rights Act of 1945, and Age Discrimination Act of 1967, by refusing to consider and hire Gloria Carey for a vacant Social Worker position.

10. Carey applied for the vacant Social Worker position and was denied hire because of her race and because of her age.

11. On September 10, 2007, Defendant Employer hired a thirty-four year old white female for the vacant position of Social Worker described in paragraph nine (9). The thirty-four year old white female was less qualified for the position than Carey.

12. The effect of the practices complained above have been to deprive Gloria Carey of equal employment opportunities and otherwise adversely affect her status as an applicant because of her race, Black and because of her age, 53.

13. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of race and age (40 years of age and older).

B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals regardless of their race and age (40 years of age and older) and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Gloria Carey by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, an equal sum as liquidated damages and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to rightful-place hiring and/or front pay.

D.      Order Defendant Employer to make whole Gloria Carey by providing compensation for past and future pecuniary losses, resulting from the unlawful employment practices complained of in paragraphs seven (7) through thirteen (13) above, including compensation for job search expenses, and medical expenses, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Gloria Carey by providing compensation for non-pecuniary losses, resulting from the unlawful employment practices complained of in paragraphs seven (7) through thirteen (13) above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, humiliation, in amounts to be determined at trial.

G.  Order Defendant to pay Gloria Carey punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through thirteen (13) above in an amount to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint.

RESPECTFULLY SUBMITTED,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street Northwest
Washington, D.C. 20507

*C. Emanuel Smith*
C. EMANUEL SMITH
Regional Attorney

*Julie S. Lee*
JULIE S. LEE
Supervisory Trial Attorney

*Maricia Woodham*
MARICIA WOODHAM
Senior Trial Attorney
Alabama Bar (ASB-2160-E55M)

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000

1130 22nd Street South
Birmingham, AL 35205
(205) 212-2054