IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                                    PLAINTIFF
COMMISSION

VS.                                     CIVIL ACTION NO. 4:08CV112TSL-LRA

POPLAR SPRINGS NURSING CENTER                                   DEFENDANT

ORDER

    This cause is before the court on the motion of plaintiff Equal Employment Opportunity Commission (EEOC) to strike or alternatively, to dismiss defendant's affirmative defenses. Defendant Poplar Springs Nursing Center (Poplar Springs) opposes the motion, and the court, having considered the parties' memoranda and the record, concludes that the motion is not well taken and should be denied.

    The EEOC has filed suit against Poplar Springs, pursuant to Title VII, 42 U.S.C. § 2000e-f(1) and (3), and the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), alleging that Poplar Springs discriminated against Gloria Carey, a black 53-year-old qualified individual, when it failed to consider and hire her for employment for a vacant social worker position.  In its answer to the complaint, defendant pled thirty-one affirmative defenses and set out a reservation of rights.  By this motion, the EEOC

urges that all but one[1] of the affirmatively pled matters, along with defendant's reservation of rights, should be stricken because they are not proper defenses to the claims which have been alleged or do not contain matters properly pled.  According to plaintiff, granting the motion will "remove unnecessary clutter from the case."  In its opposition to the motion, defendant contends that it has "sufficiently articulated its defenses so that plaintiff is fully aware of the legal theories on which it relies," and further, that given that no discovery has occurred, the EEOC's motion is premature.  Based on the following, the court concludes that the motion should be denied.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike an "insufficient defense."  This being said, however, the Fifth Circuit has held that "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice."  Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962), citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).  Here, the EEOC does not articulate any real prejudice which will result if the disputed defenses are not stricken, asserting only generally

---

[1] Affirmative defense number 20 alleges that "[t]o the extent that Plaintiff and/or Carey have failed to mitigate the damages Plaintiff now seeks, it and she are barred from recovery."

2

that granting the motion will remove clutter from the case.  See In re Beef Industry Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979) (A showing of prejudice to the moving party is generally necessary before a motion to strike will be granted).  However, even this assertion is belied by the EEOC's own argument that, with regard to the majority of the defenses at issue, the affirmative matters raised are unnecessary and inappropriate as the assertion has already been put in issue by defendant's denial in its answer.  That is to say, plaintiff has not shown that granting the motion would serve to significantly narrow the issues in this case.  As plaintiff has shown no prejudice, the motion will be denied.

It is hereby ordered that plaintiff's motion to strike or alternatively, to dismiss defendant's affirmative defenses is denied.

SO ORDERED this 13th day of February, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE