# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) | CIVIL ACTION 4:08-cv-00112-TSL-LRA |
| POPLAR SPRINGS NURSING CENTER, | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed the instant action against Poplar Springs Nursing Center ("Defendant" or "Poplar Springs") on September 30, 2008 to enforce §7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§216 and 217. The Commission also filed this action to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* (Title VII) which prohibits, *inter alia*, discrimination in employment based on race. The Commission alleges that Poplar Springs failed to hire Gloria Carey (hereinafter "Carey") for the position of Social Worker at its Meridian, Mississippi facility on the basis of age, 53, and race, Black. Poplar Springs denies all allegations of unlawful or wrongful conduct raised in the Commission's Complaint.

A. This Consent Decree is entered into by the EEOC and Defendant Poplar Springs. This Consent Decree shall be final and binding between the EEOC and Defendant Poplar Springs, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it.

B. The EEOC and Defendant Poplar Springs do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint and Amended Complaint in Case No. 4:08-cv-00112-TSL-LCA. This Consent Decree shall not constitute an adjudication, or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the Age Discrimination in Employment Act (ADEA) or the Civil Rights Act of 1964, as amended (Title VII). This Consent Decree does not affect any other administrative charges pending with the EEOC or any cases currently pending in court other than the case specifically referenced in this paragraph.

## II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

A. This Court has jurisdiction over the parties and the subject matter of this action.

B. The terms of this Consent Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant Poplar Springs in their capacities as representatives, agents, directors and officers of Defendant Poplar Springs, and not in their individual capacities. This

paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

C.  The Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 4:08-cv-00112-TSL-LRA.

D.  The Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi and shall continue to be in effect for a period of two (2) years. Any modification of this Consent Decree by any party must be made by motion to the Court.

E.  The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

F.  The Consent Decree shall apply to Defendant Poplar Springs and all employees (the use of the term "employees" includes temporary and contract employees) working in or for Defendant, and all employees in any other location who provide EEO compliance and human resources support to, and supervisory and/or decision making authority over, Defendant's application and recruitment operations.

G.  Defendant Poplar Springs shall comply fully with all provisions of the Consent Decree, Title VII and the ADEA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant Poplar Springs under Title VII and the ADEA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant Poplar Springs in the future.

### III. NON-RETALIATION

H. Defendant Poplar Springs, its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in retaliation of any kind against any person because such person:

(1) opposed any practice made unlawful under Title VII or the ADEA;

(2) filed a charge of discrimination or other complaint with the Commission or a state agency or testified, assisted or participated in any manner in any investigation, proceeding, or hearing underTitle VII or the ADEA;

(3) requested and/or received relief in accordance with this Consent Decree;

(4) participated in any manner in this action or in the investigation giving rise to this action;

(5) participated in an internal investigation related to alleged violations of Title VII or the ADEA; or

(6) asserted any rights under this Consent Decree.

Poplar Springs shall further not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by Title VII or the ADEA.

## IV. MONETARY RELIEF

I. Defendant shall pay the total sum of Forty Thousand Dollars ($40,000.00) as full and final settlement of this lawsuit and the claims alleged herein. The Defendant will not condition the receipt of individual relief on Gloria Carey's agreement to maintain as confidential the terms of this Decree. Payment

4

under this paragraph shall be made in four (4) equal monthly installments of ten thousand dollars ($10,000.00), with each being payable directly to Gloria Carey. The first installment under this Decree shall be paid within ten (10) days of the entry of this Consent Decree. Thereafter, payment shall be made as stated every thirty (30) days until paid in full. The EEOC will provide Defendant the mailing address for Gloria Carey prior to the entry of this Decree. Within three (3) business days of the issuance of each payment to Gloria Carey, the Defendant shall submit proof of the payment to the United States Equal Employment Opportunity Commission, Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205-2886.

## V. GENERAL INJUNCTIVE RELIEF

J.  POLICY REQUIREMENTS. Defendant shall implement and carry out policies and practices, employee orientation and training at its Meridian, Mississippi facility that help assure a work environment free from age and race discrimination for its employees; that allows employees to raise concerns or complaints about age and race discrimination without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADEA or by Title VII; and that provides procedures for employees to report incidents of age and race discrimination. Defendant's written policies must include each of the following:

a) A clear and strong commitment to a workplace free of age and race discrimination;

b) A clear and strong message of encouragement to persons who believe they have been discriminated against to come forward;

c)     A description of the consequences, up to and including termination, that will be imposed upon violators of the policy, including supervisors and managers who fail to abide by the policy, or who retaliate or allow retaliation against persons who oppose race and age discrimination;

d)     An assurance of non-retaliation for persons who oppose race and age discrimination;

e)     A statement that discrimination on the basis of age and on the basis or race by anyone, including management officials, supervisors, vendors, suppliers, third parties and/or customers, is prohibited and will not be tolerated;

f)     The identification, including names, titles, phone numbers and email addresses, of individuals to whom employees who have been subject to age or race discrimination can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential manner;

g)     A provision that an employee may, as an alternative to the reporting process described in item "f" above, report age or race discrimination to a supervisor or manager in or outside his or her chain of management when the employee prefers to do so;

h)     A requirement that any supervisor or manager who becomes aware of race or age discrimination in the workplace, or who becomes aware of allegations of race or age discrimination in the workplace, report the conduct or allegation to Defendant's senior HR official (or his or her designated representative) and the person(s) identified in item "f" above.

i)     A requirement that adherence to the letter and spirit of Defendant's race and age discrimination policy will be a factor in the performance evaluations of managers and supervisors;

j)     A requirement that Defendant will investigate the allegations of age discrimination, race discrimination, or retaliation promptly, fairly, reasonably, effectively and as confidentially as possible under the circumstances, and take appropriate corrective action;

k)     Information regarding the employee's right to file a charge of discrimination with the EEOC, including contact telephone numbers, TDY/TDD and addresses for the EEOC.

    K.     **TRAINING FOR MANAGERS AND EMPLOYEES.** Defendant

shall provide training at its Meridian, Mississippi facility to its Administrator, Director of Nursing, Office Manager, and Maintenance Supervisor. The training shall also include all managers that may investigate employee complaints of race or age discrimination at Defendant's Meridian, Mississippi facility. This training will include an explanation of the Defendant's policies prohibiting age and race discrimination, the importance of maintaining an environment free from age and race discrimination, manager and supervisor obligations under the policy, and the discipline that may be taken against managers and/or supervisors who are found to have allowed discrimination to occur, or who fail to abide by the policy.

L. Within ninety (90) days of the entry of this Decree, Poplar Springs shall provide training for its Mississippi employees as follows:

(1) Poplar Springs shall provide at least one hour of classroom or other effective interactive training and education regarding discrimination, including race and age discrimination, to the persons in the categories listed in Section K above who are employed as of the date of entry of this Consent Decree. Thereafter, all new employees shall receive the same or similar training within three (3) months of their initial employment or rehire.

(2) Poplar Springs shall provide, as part of its in-service training, training and education regarding discrimination, including race and age discrimination, to all employees for the duration of this Consent Decree. This will occur no less than every other in-service training session. Defendant shall devote at least one-fourth of the in-service training time to this topic.

(3) The training and education required by this Consent Decree shall include information and practical guidance regarding the federal statutory provisions concerning the prohibition against and the prevention and correction of race and age discrimination.

(4) At a minimum, the training shall explain:

7

a. what constitutes age discrimination and race discrimination;

b. that Title VII prohibits this misconduct;

c. that employees who feel they have been victims of discrimination or who have witnessed what they believe to be discrimination may complain directly to management;

d. that the evaluation of managers will consider, among other things, enforcement of Poplar Springs' anti-discrimination policies; and

e. an explanation of Poplar Springs' policies regarding race discrimination and age discrimination.

M. The training and education for employees may be videotaped for review by absent employees and shall also include practical examples aimed at the prevention of workplace harassment, discrimination, and retaliation. All required training, whether in person or by video, shall be presented by trainers or educators with knowledge and expertise in the prevention of race and age discrimination, and may be presented by Poplar Springs' Human Resources professionals with such knowledge and expertise. It shall be the responsibility of Poplar Springs to ensure that the trainer has acquired the requisite knowledge and expertise.

N. Employees attending the training shall be instructed to sign a registry when they attend the training session or watch a videotape of the training session. Defendant shall keep, for the duration of the Decree, this written record of all employees who attend the training session or watch it on videotape.

O. Poplar Springs shall provide the EEOC at least fifteen (15) days advance notice of the date, time, location, instructor and substance of the initial training. After the Commission provides reasonable notice to Poplar Springs, it may designate representatives to attend and observe the planned training. After

receipt of notice that training will occur, the Commission may offer comments regarding the proposed training or instructor.

P.	Within ninety (90) days after any training is provided by Poplar Springs, a statement attesting to the date, time, location, instructor and substance of the training provided and a copy of the registry of attendance from the training shall be provided to the EEOC. The statement and registry of attendance shall be mailed to Regional Attorney, Birmingham District Office of the Equal Employment Opportunity Commission (EEOC), 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

Q.	Poplar Springs will ensure that non-discrimination policies are distributed to all current employees in its Meridian, Mississippi facility within thirty (30) days of the entry of this Consent Decree. The policy will similarly be distributed to all new hired employees in that facility within thirty (30) days of the first day of employment.

R.	Defendant shall promptly and appropriately investigate all complaints of age or race discrimination. The investigation shall include (1) appropriate factual findings; (2) a finding of whether discrimination occurred; (3) a credibility assessment for witnesses; (4) interviews of all identified potential victims and witnesses; and (5) concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination. If corrective action is required as a result of an investigation, Defendant shall follow up with complainants at appropriate intervals to ensure that the discrimination or

9

retaliation does not occur.

## VI. ATTORNEYS' FEES

S.   The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Decree.

## VII. FORCE AND EFFECT

T.   The duration of this Consent Decree shall be two (2) years from the date of its entry.  The Court shall retain jurisdiction for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of the Decree for such period as may be necessary to remedy its non-compliance, may be ordered.  Absent extension, this Decree shall expire by its own terms at the end of two (2) years from the date of entry, without further action by the Parties.

U.   The Parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this 16th day of April, 2010.

/s/Tom S. Lee
HONORABLE TOM  S. LEE
UNITED STATES DISTRICT JUDGE

**APPROVED AND CONSENTED TO BY**:

  /s/ *Peyton S. Irby, Jr.*  
**AUTHORIZED REPRESENTATIVE POPLAR SPRINGS NURSING CENTER, LLC**

*/s/  Peyton S. Irby, Jr.*  
PEYTON S. IRBY, JR., Esq.  
MSB No. 3029  
APRIL D. REEVES, Esq.  
MSB No. 100671  
**Watkins Ludlam Winter & Stennis, P.A.**  
190 E. Capitol Street, Suite 800  
Post Office Box 427  
Jackson, Mississippi 39205-0427  
Ph.: (601) 949-4810  
Fax: (601) 949-4804

  /s/ *C. Emanuel Smith*  
C. EMANUEL SMITH, Esq.  
MSB No. 7473  
Regional Attorney

  /s/ *Maricia Woodham*  
MARICIA WOODHAM, Esq.  
AL Bar # ASB-2160-E55M  
Senior Trial Attorney

  /s/ *Julie Bean*  
JULIE BEAN, Esq.  
DC Bar # 433292  
Supervisory Trial Attorney

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION -** Birmingham District Office  
1130 22nd Street South, Suite 2000  
Birmingham, AL  35205-2886  
Telephone (205) 212-2054  
Facsimile  (205) 212-2041